UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANA WILLIAMS,<br><br>          Plaintiff,<br><br>     v.<br><br>PACIFIC GAS AND ELECTRIC, et al.,<br><br>          Defendants. | No.  1:15-CV-1478-DAD-EPG<br><br>ORDER DISMISSING THIS CASE |

Plaintiff, Lana Williams, proceeding *pro se*, filed this case against defendants Pacific Gas and Electric and the California Public Utilities Commission ("Defendants").  (Doc. No 1.)  Plaintiff's complaint alleges that defendants are overcharging her for gas that she did not use.  Plaintiff is seeking the award of $500,000 for her pain and suffering, $500,000 in punitive damages, and reimbursement for her gas bill payments.  For the reasons stated below, the court lacks subject matter jurisdiction over this action.  Accordingly, plaintiff's complaint is dismissed without leave to amend.

**I.     DISCUSSION**

**A.     Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the court must conduct a review of a complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief."  If

1

the court determines that the complaint fails to state a claim, it must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While the factual allegations of a complaint are accepted as true, legal conclusion are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after the decision in *Iqbal*).

**B.     This Court Does Not Have Subject Matter Jurisdiction Over Plaintiff's Claims**

A review the complaint reveals that plaintiff cannot establish that federal jurisdiction is proper. Federal courts can only adjudicate cases authorized by the United States Constitution and Congress. Generally, this includes cases in which: 1) diversity of citizenship is established (the matter in controversy exceeds $75,000 and is between citizens of different states), 2) a federal question is presented, or 3) the United States is a party. *See* 28 U.S.C. §§ 1331 and 1332; *see also*, *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994). As discussed below, Plaintiff has failed to establish that federal jurisdiction is proper.

/////

The United States is not a party in this action and no federal question is presented by the allegations of plaintiff's complaint.  Although the complaint does not contain any causes of action, plaintiff is alleging she was overcharged on her gas bill.  That allegation does not create a federal question, but is merely a claim cognizable under state law.  Similarly, no diversity jurisdiction can be established here.  Federal courts have diversity jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332.  Jurisdiction under § 1332 requires complete diversity, so each plaintiff must be diverse from each defendant .  *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 553 (2005).  In other words, the plaintiff must be a citizen of a different state from all of the named defendants.  Here, all of the parties to this action are citizens of California.  Therefore, diversity of citizenship has not been established and this court lacks jurisdiction over this case.  No amendment to the complaint will cure this fatal deficiency.

**II.    ORDER**

For the reasons discussed above, this Court lacks subject matter jurisdiction.  Accordingly, the complaint in this case must be dismissed without leave to amend.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 17, 2015**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE